# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

EDDIE MICHAEL NORMAN,

        Plaintiff,

   v.

STATESBORO POLICE DEPARTMENT;
BULLOCH COUNTY SHERIFF
DEPARTMENT; and UNNAMED
STATESBORO POLICE DEPARTMENT
OFFICER,

        Defendants.

CIVIL ACTION NO.: 6:18-cv-102

FILED
Scott L. Poff, Clerk
United States District Court

*By casbell at 3:20 pm, Jan 13, 2020*

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this 42 U.S.C. § 1983 action while confined at Coastal State Prison in Garden City, Georgia, to contest conditions of his confinement at Bulloch County Jail in Statesboro, Georgia.  Docs. 1, 1-1.  For the reasons set forth below, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against the Statesboro Police Department and the Bulloch County Sheriff's Department.  Further, I **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis* as to these claims.  However, I **FIND** Plaintiff's excessive force claims against an unnamed Statesboro Police Officer are not due to be dismissed at this early time.  For the reasons set forth below, the Court **DIRECTS** the Clerk of Court to add "Unnamed Statesboro Police Department Officer" as a Defendant upon the record and docket of this case.  The Court **DIRECTS** the United States Marshals Service to conduct an inquiry into the identity and location of the unnamed officer.  Upon identification, a copy of Plaintiff's Complaint, doc. 1, and

a copy of this Order shall be served upon the unnamed officer by the United States Marshals Service without prepayment of fees.

## BACKGROUND[1]

On March 12, 2018, an officer with the Statesboro Police Department arrested Plaintiff and charged him with driving under the influence. Doc. 1 at 5–6. Plaintiff alleges that, when the officer put handcuffs on Plaintiff, he "felt a pain" in his right hand. Id. Plaintiff immediately requested medical attention. Id. The arresting officer transported Plaintiff to the Bulloch County "Correctional Institute," where Plaintiff reported the injury to the nurse. Id. However, Plaintiff did not receive medical treatment while at the jail. Id.

Upon his release, Plaintiff went to see his personal doctor, who took an x-ray of Plaintiff's right hand. Id. The x-ray indicated Plaintiff had two fractured bones in his fingers, and Plaintiff's doctor scheduled a follow-up appointment with a specialist. Id. However, before Plaintiff could attend that appointment, he was reincarcerated. Id.; Doc. 1-1 at 1–2. The doctor at the jail provided Plaintiff "nothing but pain meds" and did not treat his "dislocated finger." Doc. 1 at 5–6; Doc. 1-1 at 3–4.

Plaintiff brings this action against the City of Statesboro Police Department, an individual officer with the Statesboro Police Department, and the Bulloch County Sheriff's Department. Doc. 1 at 1. He alleges the arresting officer used excessive force and denied him adequate medical treatment. Id. at 5. As relief, he only requests the Court "look into" the incident to determine whether Plaintiff "was treated with justice." Id. at 6. Because "allegations in a pro se complaint are to be held to less stringent standards than are pleadings drafted by an attorney" and all pleadings should be "construed to do substantial justice," the Court construes Plaintiff's

---

[1]   During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

statements to be a request for a declaratory judgment and nominal damages. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986); Howard v. Int'l Molders & Allied Workers Union, 779 F.2d 1546, 1553 (11th Cir. 1986) ("It is not necessary to allege nominal damages and nominal damages are proved by proof of deprivation of a right to which the plaintiff was entitled." (quoting Basista v. Weir, 340 F.2d 74, 87 (3d Cir. 1965))); see also Williams v. Brown, 347 F. App'x 429 (11th Cir. 2009) (remanding to require the district court consider "whether Williams's *pro se* complaint should be liberally construed to request nominal damages . . . in light of Federal Rule of Civil Procedure 54").

## DISCUSSION

### I.   Standard of Review

Plaintiff filed this action on October 4, 2018 along with a motion to proceed *in forma pauperis*.[2] Docs. 1, 2. On November 9, 2018, this Court granted his motion. Doc. 3. However, rather than return his Prisoner Trust Account Statement and Consent to Collection of Fees forms to the Court, Plaintiff chose to pay the filing fee. Thus, despite the Court's Order, Plaintiff is no longer proceeding *in forma pauperis*.

However, even though Plaintiff paid the filing fee, "his complaint is subject to screening and possible dismissal before service of process." Miller v. Johnstone, No. 17-cv-0331, 2017 WL 4211042, at *1 (S.D. Ala. Aug. 24, 2017); see also 28 U.S.C. § 1915A; Thompson v. Hicks, 213 F. App'x 939, 942 (11th Cir. 2007) (observing that, while § 1915(e) "applies only to plaintiffs who proceed *in forma pauperis* . . . § 1915A does not distinguish between *in forma*

---

[2]     A prisoner who moves to proceed *in forma papueris* asserts that he is indigent and unable to pay the filing fees and court costs associated with the action. 28 U.S.C. § 1915. A prisoner proceeding *in forma pauperis* is not required to pay the entire filing fee up front at the time he files the action. § 1915(a)(1). The prisoner, however, will still pay the full filing fee but may do so through monthly installments. § 1915(b).

*pauperis* plaintiffs and plaintiffs who pay the filing fees").  "[E]ven where an inmate pays the

entire filing fee and does not proceed *in forma pauperis,* the court may summarily dismiss"

claims which are frivolous, malicious, or which fail to state a claim.  Jones v. Corr. Med. Servs.,

No. 210-cv-640, 2010 WL 3718396, at *1 n.1 (M.D. Ala. Aug. 19, 2010) (citing § 1915A).

"Under § 1915A, a complaint is frivolous if it is 'without arguable merit either in law or fact.'"

Davis v. Kvalheim, 261 F. App'x 231, 234 (11th Cir. 2008) (quoting Bilal v. Driver, 251 F.3d

1346, 1348–49 (11th Cir. 2001)).  This includes factual allegations which are "clearly baseless"

and legal theories which are "indisputably meritless."  Id. at 235 (quoting Carroll v. Gross, 984

F.2d 392, 393 (11th Cir. 1993)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of

unrepresented parties are held to a less stringent standard than those drafted by attorneys and,

therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v.

Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent

standard than pleadings drafted by attorneys . . . ." (quoting Hughes v. Lott, 350 F.3d 1157, 1160

(11th Cir. 2003))).  However, Plaintiff's unrepresented status will not excuse mistakes regarding

procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested

that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by

those who proceed without counsel.").

## II.    Plaintiff's Named Defendants

Plaintiff brings this action against the Statesboro Police Department and the Bulloch

County Sheriff's Department.  Doc. 1 at 1.  However, Plaintiff cannot maintain an action against

either Defendant because police departments and sheriff departments are not proper entities

subject to suit under § 1983.

To bring a viable claim for relief under § 1983, a plaintiff must assert that the act or omission was committed by "a person acting under color of state law." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995); see also 42 U.S.C. § 1983. The "capacity to sue or be sued [is] determined by the law of the state in which the district court is held . . . ." Fed. R. Civ. P. 17(b). Thus, Georgia law controls this case. Georgia law "recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Lawal v. Fowler, 196 F. App'x 765, 768 (11th Cir. 2006) (quoting Ga. Insurers Insolvency Pool v. Elbert County, 368 S.E.2d 500, 502 (Ga. 1988)); Northrup v. City of Brunswick, No. 2:17-cv-126, 2018 WL 715439, at *2 (S.D. Ga. Feb. 5, 2018). "[S]heriff's departments and police departments are not usually considered legal entities subject to suit[.]" Lawal, 196 F. App'x at 768 (quoting Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992); Lovelace v. DeKalb Cent. Prob., 144 F. App'x 793, 795 (11th Cir. 2005) (dismissing a § 1983 action against the City of Atlanta Police Department). Rather, such entities are "merely the vehicle through which" city and county governments fulfill their policing functions. Lovelace, 144 F. App'x at 795 (quoting Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984)).

Consequently, neither the Bulloch County Sherriff's Department nor the City of Statesboro Police Department are viable defendants in a § 1983 action. See, e.g., Lawal, 196 F. App'x at 768 (affirming dismissal when plaintiff named the Douglas County Sherriff's Department as a defendant in a § 1983 action); Green v. Cunningham, No. 4:18-cv-210, 2018 WL 6310269, at *3 (S.D. Ga. Dec. 3, 2018) (dismissing a claim against the Chatham County Metropolitan Police Department because "the police department is not an entity subject to suit under § 1983"); Northrup, 2018 WL 715439, at *2 ("Police departments and sheriff's

departments are not one of the three legal entities subject to suit."); <u>Wilkerson v. Brown</u>, No. 6:16-CV-66, 2016 WL 4472972, at *2 (S.D. Ga. Aug. 23, 2016) ("[T]he Bulloch County Sheriff's Department is not an entity subject to suit under Section 1983."); <u>Madison v. Tift Cty. Jail</u>, No. 7:10-cv-28, 2010 WL 2104284, at *1 (M.D. Ga. May 21, 2010) (dismissing a 1983 claim against Tift and Muscogee County Jails because a county jail "is not a proper defendant as it is not an entity capable of being sued under section 1983"). Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Defendants Statesboro Police Department and Bulloch County Sheriff's Department.

### III.     Plaintiff's Claims Against an Unidentified Statesboro Police Officer

Plaintiff also brings claims against an unnamed police officer with the Statesboro Police Department identified as "badge 24." Id. at 4. "As a general matter, fictitious-party pleading is not permitted in federal court." <u>Richardson v. Johnson</u>, 598 F.3d 734, 738 (11th Cir. 2010). A limited exception to this rule exists "when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage,'" and thus discovery would uncover the unnamed defendant's identity. <u>Id.</u> (quoting <u>Dean v. Barber</u>, 951 F.2d 1210, 1215–16 (11th Cir. 1992)). Here, Plaintiff provides a police department, badge number, and the date of his arrest. Doc. 1 at 4–5. Given the information provided, it is reasonable to conclude the unnamed officer will be identified through discovery.

The Fourth Amendment prohibits "the use of excessive force in the course of an arrest." <u>Lee v. Ferraro</u>, 284 F.3d 1188, 1197 (11th Cir. 2002) (citing <u>Graham v. Connor</u>, 490 U.S. 386, 394–95 (1989)). Painful handcuffing, without more, is not excessive force in cases where the resulting injuries are minimal. <u>Rodriguez v. Farrell</u>, 280 F.3d 1341, 1353 (11th Cir. 2002); <u>Hanig v. Lee</u>, 415 F.3d 822, 824 (8th Cir. 2005) ("an 'actual injury' must be shown to support an

excessive force claim under the Fourth Amendment").  Plaintiff claims the officer used excessive force during the course of his arrest.  Doc. 1 at 6.  Plaintiff states that, when the officer was handcuffing him, he felt a sharp pain, which persisted after the arrest.  Id.  Plaintiff later received an x-ray which revealed two fractured bones in his hand.  Id.  Accordingly, Plaintiff's Fourth Amendment excessive force claims against the unnamed officer are not due to be dismissed at this time.

The Court **DIRECTS** the Clerk of Court to add "Unnamed Statesboro Police Department Officer" as a Defendant upon the record and docket of this case.  The Court **DIRECTS** the United States Marshal to conduct an inquiry into the identity and location of the unnamed officer.

## IV.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis* as to the claims against the Statesboro Police Department and the Bulloch County Sheriff's Office.  Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal

theories are indisputably meritless.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989); <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  <u>Napier v. Preslicka</u>, 314 F.3d 528, 531 (11th Cir. 2002); <u>see also</u> <u>Brown v. United States</u>, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of the claims against the Statesboro Police Department and the Bulloch County Sheriff's Office, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal as to the claims against the Statesboro Police Department and the Bulloch County Sheriff's Office.

## CONCLUSION

For the above stated reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against the Statesboro Police Department and the Bulloch County Sheriff's Department.  Further, I **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis* as to these claims.  However, I **FIND** Plaintiff's excessive force claims against an unnamed Statesboro Police Officer are not due to be dismissed at this early time.  The Court **DIRECTS** the Clerk of Court to add "Unnamed Statesboro Police Department Officer" as a Defendant upon the record and docket of this case.  The Court **DIRECTS** the United States Marshal to conduct an inquiry into the identity and location of the unnamed officer.  Upon identification, a copy of Plaintiff's Complaint, doc. 1, and a copy of this Order shall be served upon the unnamed officer by the United States Marshals Service without prepayment of costs.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and

Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

## INSTRUCTIONS TO DEFENDANT

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs that service be effected by the United States Marshal.  Fed. R. Civ. P. 4(c)(3).  In most cases, the marshal will first mail a copy of the complaint to a defendant by first-class mail and request that defendant waive formal service of summons.  Fed. R. Civ. P. 4(d); Local R. 4.7.  Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver.  Fed. R. Civ. P. 4(d)(2).

Generally, a defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendant is hereby granted leave of court to take the deposition of Plaintiff upon oral examination. Fed. R. Civ. P. 30(a)(2). Defendant is further advised that the Court's standard 140-day discovery period will commence upon the filing of the last answer. Local R. 26.1. Defendant shall ensure that all discovery, including Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event Defendant takes the deposition of any other person, Defendant is ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As Plaintiff will likely not be in attendance for such a deposition, Defendant shall notify Plaintiff of the deposition and advise him that he may serve on Defendant, in a sealed envelope, within 10 days of the notice of deposition, written questions Plaintiff wishes to propound to the witness, if any. Defendant shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

<u>**INSTRUCTIONS TO PLAINTIFF**</u>

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon her attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendant or counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

<u>Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action. Local R. 11.1.</u>

<u>Plaintiff's failure to notify the Court of a change in his address may result in dismissal of this case.</u>

Plaintiff has the responsibility for pursuing this case.  For example, if Plaintiff wishes to obtain facts and information about the case from Defendant, Plaintiff must initiate discovery.  <u>See generally</u> Fed. R. Civ. P. 26 *et seq*.  The discovery period in this case will expire 140 days after the filing of the last answer.  Local R. 26.1.  Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period.  <u>Id.</u>  Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial.  Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons.  <u>See</u> Fed. R. Civ. P. 33.  Interrogatories may be served only on a <u>party</u> to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not <u>named</u> as a defendant.  Interrogatories are not to contain more than 25 questions.  Fed. R. Civ. P. 33(a).  If Plaintiff wishes to propound more than 25 interrogatories to a party, Plaintiff must have permission of the Court.  If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery.  Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local R. 26.7.

Plaintiff has the responsibility for maintaining his own records of the case.  If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard

cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which Defendant may initiate. Upon no less than five days' notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

## ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Defendant may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within 14 days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local R. 7.5.

Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose Defendant's motion.  Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion.  Local R. 7.5, 56.1.  The failure to respond to such a motion shall indicate that there is no opposition to the motion.  Furthermore, each material fact set forth in Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement.  Should Defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case.  That burden cannot be carried by reliance on the conclusory allegations contained within the complaint.  Should Defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest Defendant's statement of the facts.  Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendant's affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 13th day of January, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA